## United States District Court for the Western District of Arkansas
## Fayetteville Division

**Sarah Campau**                                                                 **Plaintiff**

v.                              Case No. _____

**Michael A. Sweetser Trust No. II,**
**The Sweetser Family, LP,**
**and Bert Morris**                                                              **Defendants**

### Complaint

    Plaintiff, Sarah Campau ("Ms. Campau"), for her Complaint against Defendants (collectively "Defendants"), Michael A. Sweetser Trust No. II ("Sweetser Trust"), The Sweetser Family LP, and Bert Morris ("Ms. Morris"), states the following:

### Jurisdiction and Venue

    1.    This Court has subject matter jurisdiction over Ms. Campau's claims because they raise questions of federal law under the Fair Housing Act. 28 U.S.C. § 1331.

    2.    This Court has supplemental jurisdiction over Ms. Campau's state law claims because they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

    3.    Ms. Morris resides in the State of Arkansas. 28 U.S.C. § 1391(b)(1). The Sweetser Trust is established in Arkansas, and Sweetser Family LP is incorporated in Arkansas.

    4.    The events giving rise to this Complaint occurred in Fayetteville, Arkansas and the rental property is located there. 28 U.S.C. § 1391(b)(2). Thus, venue is proper in the Fayetteville Division of the United States District Court for the Western District.

## Facts

5. Ms. Campau is a woman who identifies as "queer" sexual orientation.

6. Ms. Campau resided in a dwelling located at 641 North Whitham, Fayetteville, Arkansas (the "dwelling"), from August 1, 2020, to October 16, 2021.

7. The Sweetser Trust owns the dwelling.

8. The Sweetser Family LP manages the dwelling.

9. Ms. Morris is a managing agent for the dwelling and is an employee of Sweetser Family LP.

10. During the summer of 2021, Ms. Campau begin displaying an LGBTQ Pride flag at the dwelling.

11. The Pride flag is directly related to Ms. Campau's protected class and identification as "queer."

12. On or about September 15, 2021, Defendants issued a written notice to Ms. Campau to remove the Pride flag.

13. On or about September 15, 2021, Ms. Morris verbally instructed Ms. Campau to remove the Pride flag.

14. On or about September 15, 2021, Ms. Morris told Ms. Campau that if she did not immediately remove the Pride flag, they would file an eviction against her and stated that an eviction on her record would make finding housing more difficult in the future.

15. On or about September 15, 2021, Ms. Morris told Ms. Campau that she would be beautiful if she was not so angry, that her Pride flag was controversial, and that the neighbors needed to be protected from the Pride flag.

16. Because she wanted to avoid the consequences of an eviction lawsuit, Ms. Campau provided 30 days' notice and vacated her apartment on October 15, 2021.

17. Other tenants displayed flags unrelated to Ms. Campau's protected class at properties owned and managed by Sweetser Trust and Sweetser Family LP, without adverse action.

18. On October 5, 2021, Ms. Campau filed a Complaint with the Arkansas Fair Housing Commission ("the Commission").

19. The Commission investigated the complaint. On January 3, 2022, the Commission issued a determination that reasonable cause existed that the Defendants discriminated against Ms. Campau and issued a Charge of Discrimination against the Defendants, attached hereto as Exhibit 1 and incorporated by reference as if laid out word for word.

**Count I: Violations of the Federal Fair Housing Act of 1968,
42 U.S.C. § 3604.
Terms and Conditions and Discriminatory Statements**

20. Plaintiff re-alleges paragraphs 1-19 as if fully set forth herein.

21. By requiring Plaintiff to remove her Pride flag related to her protected class but not requiring the removal of other flags, Defendants subjected Ms. Campau to discriminatory terms and conditions of rental based on sex. 42 U.S.C. § 3604(b) prevents discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."

22. By telling Plaintiff that she would be beautiful if she was not so angry and that her neighbors needed to be protected from her pride flag and by threatening her with eviction, Defendants subjected Ms. Campau to discriminatory statements based on her

3

sex. 42 U.S.C. § 3604(c) bans discriminatory statements with respect to the rental of a dwelling that indicates any discrimination based on race, color, religion, sex, handicap, familial status, or national origin.

23. As a result of Defendant's discriminatory housing practices, Ms. Campau incurred actual and economic damages from Defendants, including but not limited to moving expenses, increased utilities, medical expenses, in an amount to be determined at trial.

24. As a result of Defendant's discriminatory housing practices, Ms. Campau is entitled to non-economic damages for emotional distress, embarrassment, humiliation, and lost housing opportunity in an amount to be determined at trial.

25. Additionally, because of Defendants' reckless disregard of Ms. Campau's civil rights, Ms. Campau is entitled to punitive damages in an amount to be determined at trial, as well as attorney's fees and costs.

### Count II: Violations of the Federal Fair Housing Act of 1968, 42 U.S.C. § 3617
### Threats, Coercion, Intimidation, Interference

26. Plaintiff re-alleges paragraphs 1-19 as if fully set forth herein.

27. By threatening to evict Ms. Campau and telling Ms. Campau that an eviction would make it hard for her to find another place to rent if she did not remove her Pride flag, Defendants subjected Ms. Campau to coercion, intimidation and threats based on sex. 42 U.S.C. § 3617, provides it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed…any right granted or protected by section…3604" of the Fair Housing Act.

28. As a result of Defendant's discriminatory housing practices, Ms. Campau incurred actual and economic damages from Defendants, moving expenses, increased utilities, medical expenses, in an amount to be determined at trial.

29. As a result of Defendant's discriminatory housing practices, Ms. Campau is entitled to non-economic damages for emotional distress, embarrassment, humiliation, and lost housing opportunity in an amount to be determined at trial.

30. Additionally, because of Defendants' reckless disregard of Ms. Campau's civil rights, Ms. Campau is entitled to punitive damages in an amount to be determined at trial, as well as attorney's fees and costs.

### Count III: Violations of the Arkansas Fair Housing Act, Ark. Code Ann. § 16-123-201, *et seq*.
### Terms and Conditions and Discriminatory Statements
### Threats, Coercion, Intimidation, Interference

31. Plaintiff re-alleges paragraphs 1-19 as if fully set forth herein.

32. The Arkansas Fair Housing Act is substantially similar to the federal Fair Housing Act. *See* Ark. Code Ann. § 16-123-203(b). Defendants violated Ark. Code Ann. § 16-123-206(b) for the same reasons that they violated 42 U.S.C. §§ 3604. *See, supra*, ¶¶ 20-25.

33. The Arkansas Fair Housing Act provides that a person shall not threaten, intimidate, or interfere with persons in the enjoyment of their dwelling because of the race, color, national origin, sex, or familial status of such persons, or of visitors or associates of such persons. Ark. Code Ann. § 16-123-206(c). Defendants violated Ark. Code Ann. § 16-123-206(c) for the same reasons that they violated 42 U.S.C. §§ 3617. *See, supra*, ¶¶ 26-27.

34. Ms. Campau is entitled to compensatory and punitive damages for her injuries (stated above in ¶¶ 28-30), as well as attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-210.

### Count III: Breach of the Covenant of Quiet Enjoyment

35. Plaintiff re-alleges paragraphs 1-19 as if fully set forth herein.

36. Arkansas implies a covenant of quite enjoyment into every lease.

37. Defendants breached Ms. Campau's right to quiet enjoyment of her home and prevented her from fully enjoying her dwelling by requiring Plaintiff to remove her pride flag related to her protected class but not requiring the removal of other flags, and by telling her the need to remove the pride flag was to protect the neighbors.

38. Ms. Campau requests compensatory and punitive damages stemming from this breach, as well as attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-210.

39. Ms. Campau requests a jury trial on all claims and damages alleged in her Complaint.

WHEREFORE, Plaintiff requests that this Court find that Separate Defendants, Bert Morris, Sweetser Trust and Sweetser Property LP, violated the Fair Housing Act, violated the Arkansas Fair Housing Act, and breached the covenant of quiet enjoyment; and for all damages related to these claims, including attorney's fees and costs pursuant to U.S.C. § 3613(c), and all other just and proper relief.

        Respectfully submitted,

        Sarah Campau, Plaintiff


By:   */s/ Mary Goff*          
       Mary Goff (AR 2011054)
       Legal Aid of Arkansas
       1200 Henryetta St.
       Springdale, Arkansas 72762
       T: 870-972-9224 ext. 4303
       F: 870-910-5562
       Mgoff@arelegalaid.org

       AND


    */s/ Cameron Bowden*       
Cameron Bowden (AR 2018099)
Legal Aid of Arkansas
711 Towne Oaks Dr.
Little Rock, AR 72227
T: 870-972-9224 ext. 6603
F: 870-910-5562
Cbowden@arleglaid.org

AND


    */s/ Jason Auer*          
Jason Auer (AR 2011304)
Legal Aid of Arkansas
711 Towne Oaks Dr.
Little Rock, AR 72227
T: 870-972-9224 ext. 6318
F: 870-910-5562
Jauer@arlegalaid.org



## ARKANSAS FAIR HOUSING COMMISSION
### DEPARTMENT OF THE INSPECTOR GENERAL

| | |
|---|---|
| Arkansas Fair Housing Commission ) | |
| On behalf of Sarah Campau ) | |
| Charging Party ) | |
| ) | HUD File No. 06-22-2228-8 |
| v. ) | AFHC File No.  22-018 |
| ) | Inquiry No. 661563 |
| The Sweetser Family, LP, ) | |
| Michael A. Sweetser Trust No. II, & ) | |
| Bert Morris ) | |
| Respondents ) | |

## CHARGE OF DISCRIMINATION

### I.   JURISDICTION

On October 05, 2021, Complainant, Sarah Campau, filed a timely, verified complaint with the United States Department of Housing and Urban Development (HUD) and the Arkansas Fair Housing Commission (Commission), alleging that the Respondent engaged in discriminatory practices against her based on sex in violation of the Arkansas Fair Housing Act, Ark. Code Ann. §§ 16-123-201 *et seq.*

Ark. Code Ann. § 16-123-325 authorizes the issuance of a Charge of Discrimination pursuant to Ark. Code Ann. §§16-123-310(a) and 16-123-310(b) on behalf of an aggrieved person following an investigation and a determination that reasonable cause exists to believe that a discriminatory housing practice has occurred.

The Commission has determined that reasonable cause exists to believe that the Respondent has discriminated against the Complainant pursuant to Ark. Code Ann. §§ 16-123-310(a) and 16-123-310(b) based on sex, in violation of the Arkansas Fair Housing Act, and therefore has issued this Charge.

### II.   SUMMARY OF ALLEGATIONS IN SUPPORT OF THIS CHARGE

Based upon the Commission's investigation of the allegations contained in the Complaint and the Determination of Reasonable Cause, the Commission charges the Respondent with violating the Fair Housing Act as follows:

EXHIBIT 1

A. Applicable State Law

1. It is unlawful for a person to refuse to sell or rent a dwelling to a person or otherwise make unavailable a dwelling because of race, color, religion, sex, familial status, or national origin. Ark. Code Ann. § 16-123-310(a).

2. It is unlawful for a person to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling or in providing services or facilities in connection with the sale or rental because of race, color, religion, sex, familial status, or national origin. Ark. Code Ann. § 16-123-310(b).

3. "Discriminatory housing practice" means an act that is prohibited under Ark. Code Ann. §§ 16-123-310 through 16-123-316 and 16-123-344. Ark. Code Ann. §16-123-302(8).

4. The term "dwelling" is defined as any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families. Ark Code Ann. § 16-123-302(9).

B. Parties

5. Complainant, Sarah Campau, is a woman who identifies as "queer" sexual orientation.

6. Complainant, Sarah Campau, resided in the subject dwelling located at 641 North Whitham, Fayetteville, Arkansas at the times in question.

7. Michael A. Sweetser Trust No. II owns the subject dwelling.

8. The Sweetser Family, LP manages the subject dwelling.

9. Bert Morris is a management agent for the subject dwelling.

10. Arkansas Fair Housing Commission, is a quasi-judicial, regulatory agency charged with enforcing fair housing laws for the State of Arkansas and has standing to bring a complaint on behalf of the Complainant, pursuant to Ark. Code. Ann. § 16-123-201 et seq.

11. At all times relevant to this complaint, Respondents owned and/or managed the rental of the subject residential property.

C. Facts

12. Complainant is protected from discrimination based on sex pursuant to Ark. Codes Ann. §16-123-310(a) and §16-123-310(b).

13. The property constitutes a dwelling within the meaning of the Act. Ark. Code Ann. § 16-123-302(9).

14. During the summer of 2021, Complainant began displaying a LGBTQ Pride Flag at the subject dwelling.

15. The flag is directly related to Complainant's protected class.

16. On or about September 15, 2021, Respondents issued a written notice to remove the flag.

17. On the same or next day, Respondents verbally instructed Complainant to remove the flag.

18. Complainant refused to remove the flag until she moved out.

19. Complainant gave 30-days' notice of move-out.

20. Respondents told Complainant that if she did not immediately remove the flag they would file an eviction against her and noted that an eviction on her record would make finding housing more difficult in the future.

21. Other tenants displayed flags unrelated to Complainant's protected class at properties owned and managed by Respondents without adverse action.

D. Fair Housing Act Violations

Count I. Terms or Conditions.

22. The Complainant re-alleges Paragraphs 1- 21 of this Charge as if fully set forth herein.

23. By requiring Complainant to remove the flag related to her protected class but not requiring removal of other flags, Respondent subjected

  Complainant to discriminatory terms and conditions of rental based on sex in violation of Ark. Code Ann. § 16-123-310(b).

24. As a result of the Respondent's discriminatory housing practices, Complainant, suffered damages, including, but not limited to, emotional distress, mental anguish, loss of dignity, inconvenience and/or loss of an important housing opportunity.

### Count II. Refusal to rent.

25. The Complainant re-alleges Paragraphs 1- 24 of this Charge as if fully set forth herein.

26. Respondents, by informing Complainant of their intent to seek an eviction against her for refusing to immediately remove the flag, subjected Complainant to discriminatory refusal to rent in violation of Ark. Code Ann. § 16-123-310(a).

27. As a result of the Respondent's discriminatory housing practices, Complainant, suffered damages, including, but not limited to, emotional distress, mental anguish, loss of dignity, inconvenience and/or loss of an important housing opportunity.

### III. CONCLUSION

WHEREFORE, the Arkansas Fair Housing Commission, pursuant to Ark. Code Ann. §16-123-325, hereby charges the Respondent with engaging in discriminatory housing practices in violation of Ark. Code Ann. §§16-123-310(a) and §16-123-310(b) and prays that an Order be issued that:

1. Declares that the discriminatory housing practices of the Respondent, as set forth above, violate the Arkansas Fair Housing Act, Ark. Code Ann. §§16-123-201 *et seq.* and the Fair Housing Act, as amended;

2. Order the Respondent from discriminating because of familial status against any person in any aspect of the rental/or ownership of a dwelling;

3. Order Respondent to attend at least twelve (12) classroom hours of an approved Fair Housing Training Course;

4. Awards such damages as will fully compensate Complainant pain and suffering, inconvenience, emotional distress, mental anguish, loss of dignity and loss of an important housing opportunity, pursuant to Ark.

Code Ann. §§ 16-123-201 and 16-123-338, and any other monetary damages to which they may be legally entitled;

5. Order such additional relief as may be appropriate under Ark. Code Ann. §§16-123-332.

Respectfully Submitted,

Ateca Foreman., Executive Director
Arkansas Fair Housing Commission

Date: January 3, 2022.